PHILLIP A. TALBERT
United States Attorney
ANGELA L. SCOTT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-CR-00043-KJM |
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; PROTECTIVE ORDER |
| v. | |
| ZIMNAKO SALAH, | |
| Defendant. | |

## I.    STIPULATION

1.    Plaintiff United States of America ("government"), by and through its counsel of record, and defendant Zimnako Salah ("defendant"), by and through his counsel of record (collectively, the "parties"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials containing personal identifying information ("PII") of real persons and other confidential information of victims, witnesses, and third parties.

2.    As part of its investigation in this case, the government is in possession of materials relating to the charges against the defendant, including police reports, phone extraction reports, business and law enforcement records, emails, and other evidence that contains personal identifying information (PII) and other confidential information for real persons, including, among other things, personal names, addresses, Social Security numbers, and dates of birth. These real persons include victims, witnesses,

1

and/or third parties to this case.  The government seeks to provide these materials to counsel for the defendant.

3.      The government also possesses, or may come to possess, recordings, documents, reports, or other materials the disclosure of which may ordinarily be required by the government's Rule 16, Jencks Act, or Brady obligations, but the dissemination of which could pose a serious risk to certain victims or witnesses (the "Sensitive Materials").

4.      The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing the PII and the Sensitive Materials.  If this information is disclosed without protective measures, or to defendant without limitation, it will risk the privacy and security of the people to whom the information relates.  The information could itself be used to further criminal activity if improperly disclosed or used.  The United States has ongoing statutory and ethical obligations to protect victims.

5.      Due to the nature of this case, PII and Sensitive Materials make up a significant part of the discovery materials, and this information in many instances has evidentiary value itself.  While the government has redacted a significant portion of privacy-protected information and Sensitive Materials, redacting all such information would be difficult or time-consuming.  Further, if the government were to attempt to redact all of this information, the defense would receive a set of discovery that would be confusing and difficult to understand, and could inhibit prompt and just resolution of the case.

6.      Accordingly, the parties jointly request a Protective Order that will permit the government to produce discovery that is, in part, unredacted, but preserves the privacy and security of victims, witnesses, and third parties.  The parties agree that the following conditions, if ordered by the Court in the proposed Protective Order, will serve the government's interest in maintaining the privacy and security of victims and third parties, while permitting the Defense Team to understand the United States' evidence against the defendant.

7.      This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

## II.   **PROPOSED PROTECTIVE ORDER**

### A.   **Protected Materials**

8.      This Order pertains to all discovery provided or made available to defense counsel in this case (hereafter, collectively "Protected Materials").

9.      For purposes of the Protective Order:

      a)      the term "Personal Identifying Information" ("PII") includes any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7) or any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1).  PII also includes any address, telephone number, or email address.

      b)      Information or documents (other than PII) the dissemination of which could pose a serious risk to certain victims or witnesses will be referred to as "Sensitive Materials."

10.     To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Materials, or any document labeled "Sensitive Materials," or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

### B.   **Defense Team**

11.     For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel of record.

12.     For purposes of this Order, the term "Defense Team" refers to (1) the defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case.  The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant.

13.     Defense Counsel must provide a copy of this Order to all members of the Defense Team and confirm their understanding either verbally or in writing that they are bound by the terms and

conditions of this Protective Order, prior to providing any Protected Materials to the members of the Defense Team.

**C.    Disclosure of Protected Materials**

14.    No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, post-trial, and appellate proceedings (both direct and collateral) and in this criminal action for no other purposes whatsoever, and shall not be used for the economic or other benefit of the defendant, or any third party.  Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

15.    Defendant may review Protected Materials in this case only in the presence of a member of the Defense Team, and his Defense Counsel shall ensure that defendant is never left alone with any Protected Information.  Defendant may not copy, keep, maintain, or otherwise possess any of such Protected Materials at any time.  Defendant must return any Protected Materials to the Defense Team at the conclusion of any meeting at which defendant reviews the Protected Materials.  Defendant may not take any Protected Materials out of the room in which he is meeting with the Defense Team.  Defendant may not write down or memorialize any PII contained in the Protected Materials or any information in any document labeled "Sensitive Materials."  At the conclusion of any meeting with defendant, the member of the Defense Team present shall take with him or her all Protected Materials.  At no time, under any circumstances, will any Protected Materials be left in the possession, custody, or control of the defendant, whether or not he is incarcerated, except as provided below in Paragraphs 16 and 27.

16.    If, during the pendency of the case, defendant requests a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the defendant provided that Defense Counsel ensures (1) defendant is not provided a copy of any document labeled "Sensitive Materials"; and (2) that all PII contained in the Protected Materials is fully redacted and the copy bears the inscription as described in Paragraph 23.  If Defense Counsel provides a redacted copy to defendant subject to these conditions, Defense Counsel or a member of the Defense Team must contemporaneously memorialize in writing that it has not provided defendant with any document labeled

Sensitive Materials, has fully redacted PII from the Protected Materials, and has otherwise complied with this Order.  This written certification need not be disclosed or produced to the United States unless ordered by the Court.  If at any time Defense Counsel provides Protected Materials to the defendant, Defense Counsel must also provide a copy of this Order and advise the defendant that he is bound by the terms of this Order, including the restrictions on use of Protected Materials pursuant to Paragraph 14.

17. The Defense Team may review Protected Materials with a witness or potential witness in this case, including the defendant, subject to the requirement above that a member of the Defense Team must be present if Protected Materials are being shown to the defendant.  Before being shown any portion of the Protected Materials, however, any witness or potential witness, including the defendant, must be informed of the existence of the Protective Order and given a copy of the Protective Order.  No witness or potential witness may retain Protected Materials, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

18. This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

19. Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the United States may take action to resist or comply with such demands as it may deem appropriate.

**D.**   **Ensuring Security of Protected Materials**

20. The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

21. A copy of the Protective Order must be stored with the discovery, in paper form and electronically.

22. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage

medium, including a password-protected computer, or device. Encryption keys must be stored securely and not written on the storage media that they unlock.

23. If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.

**E.    Filings**

24. In the event that a party needs to file Protected Materials containing PII or documents/files labeled "Sensitive Materials," with the Court, or disclose PII or information from documents/files labeled "Sensitive Materials" in court filings, the filing should be made under seal as provided for by the local rules. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII or Sensitive Materials and make all reasonable attempts to limit the divulging of PII or Sensitive Materials.

**F.    Conclusion of Prosecution**

25. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

26. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed. If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

27. If, upon final disposition of the case, defendant requests a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the defendant

provided that Defense Counsel ensures that (1) defendant is not provided a copy of the documents/files labeled "Sensitive Materials"; and (2) all PII contained in the Protected Materials is fully redacted and the copy bears the inscription as described in Paragraph 23.  If Defense Counsel provides a redacted copy to defendant subject to the above conditions, Defense Counsel or a member of the Defense Team must contemporaneously attest in writing that it has removed the Sensitive Materials, fully redacted PII from the Protected Materials, and otherwise complied with this Order.  This written certification need not be disclosed or produced to the United States unless ordered by the Court.

### G.   **Termination or Substitution of Counsel**

28.    In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel.  New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in Paragraph 26 above.  All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### H.   **Modification of Order**

29.    Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

### I.   **Violation of Order**

30.    Any person who willfully violates this Order may be held in contempt of court and maybe subject to monetary of other sanctions as deemed appropriate by the Court.  This provision does not expand or narrow the Court's contempt powers.

### J.   **Application of Laws**

31.    Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

32.    Nothing in this Order shall be construed to affect the application or and the parties'

compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Dated:  April 11, 2024                              PHILLIP A. TALBERT
                                                    United States Attorney


                                        By:  /s/ ANGELA L. SCOTT
                                             ANGELA L. SCOTT
                                             Assistant United States Attorney

Dated:  April 11, 2024

                                             /s/ NOA OREN per email
                                        By:  authorization
                                             NOA OREN
                                             Counsel for Defendant
                                             ZIMNAKO SALAH


# FINDINGS AND ORDER

The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO FOUND AND ORDERED.


Dated:  April 11, 2024



DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE