PHILLIP A. TALBERT
United States Attorney
SHEA J. KENNY
Assistant United States Attorney

 United States Attorney's Office
 501 I Street, Suite 10-100
 Sacramento, CA. 95814
 Telephone: (916) 554-2700
 shea.kenny@usdoj.gov

KRISTEN CLARKE
Assistant Attorney General, Civil Rights Division
CHRISTOPHER J. PERRAS
Special Litigation Counsel
SARAH HOWARD
Trial Attorney

 U.S. Department of Justice
 950 Pennsylvania Avenue NW,
 Washington, DC 20530
 Telephone: (202) 307-6962
 christopher.perras@usdoj.gov
 Telephone: (202) 353-5871
 sarah.howard2@usdoj.gov

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>   v.<br><br>ZIMNAKO SALAH,<br><br>     Defendant. | CASE NO.  2:24-CR-0043 DC-1<br><br>GOVERNMENT'S MOTION IN LIMINE NO. 2 – MOTION TO ADMIT DEFENDANT'S STATEMENTS FROM VOLUNTARY NON-CUSTODIAL INTERVIEW<br><br>MOTION HEARING: February 14, 2025<br>TRIAL: March 17, 2025<br>COURT: Hon. Dena Coggins |

   The United States of America, by and through the undersigned attorneys, hereby moves to admit

excerpts from a voluntary, non-custodial interview of Defendant Zimnako Salah (the "Defendant"),

1  pursuant to Federal Rule of Evidence 801(d)(2)(A) (statement of a party-opponent), and to preclude

2  Defendant Salah from offering additional self-serving hearsay statements from the interview that do not

3  implicate the rule of completeness.

4  **BACKGROUND**

5  On November 21, 2023, the FBI conducted a voluntary, non-custodial interview with the

6  Defendant at his home in Arizona. The FBI asked the Defendant about his recent travels, including his

7  visit to a church in Roseville, California—the visit which forms the basis of the charged violations of 18

8  U.S.C. §§ 1038(a)(1)(A) and 247(a)(2)—and his visit to a church in Greenwood Village, Colorado.

9  During this interview, the Defendant also spoke to the FBI about his religion and his feelings about the

10  United States. The approximately 70-minute interview was audio-recorded, and the complete transcript

11  of this interview is appended to this Motion as Exhibit 1.

12  In order to streamline its presentation of evidence at trial, the United States intends to offer into

13  evidence pertinent excerpts from the November 21 interview.  Those excerpts are appended to this

14  Motion as Exhibits 2A through 2T.

15  **BACKGROUND LAW**

16  **I.    A Defendant's out-of-court statements are admissible if offered by the prosecution,**

17  **as statements of a party-opponent, but are inadmissible hearsay if offered by the**

18  **defense.**

19  Out of court statements made by a defendant are not hearsay if offered by the prosecution. Fed.

20  R. Evid. 802(d)(2)(A) (excluding from the hearsay rule the statement of an opposing party); *United*

21  *States v. Warren*, 25 F.3d 890, 895 (9th Cir. 1994) (defendant's statements elicited from a prosecution

22  witness admissible "under Federal Rule of Evidence 801(d)(2)(A) as admissions by a party opponent").

23  If the prosecution offers into evidence statements from a defendant's interview with law enforcement,

24  the prosecution is also permitted to offer into evidence statements that provide context for the

25  Defendant's statements, such as questions posed to the Defendant. *United States v. Lopez*, 913 F.3d 807,

26  826 (9th Cir. 2019) ("[The defendant] is correct that the [interviewing] ATF agents' statements would be

27  non-hearsay if considered only in the context of assessing their impact on [the defendant]…"); *United*

28  *States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991) (explaining that a statement was not hearsay when

it was introduced to "show the effect on the listener" and "explain the circumstances" under which the listener provided a statement).

By contrast, a defendant's own out-of-court statements offered by the defendant do qualify as hearsay when they are offered for the truth of the matter asserted and do not fall within a separate hearsay exception. Fed. R. Evid. 801-807.  Thus, it is well-established that a defendant cannot try to introduce his own statements through other witnesses but, instead, must testify in Court if he wishes to make statements. *See, e.g., United States v. Mitchell*, 502 F.3d 931, 964-965 (9th Cir. 2007) ("These statements [by defendant] were inadmissible hearsay; as [defendant] was attempting to introduce them himself, they were not party-opponent admissions, nor did the fact that they were made in a more broadly self-inculpatory confession bring them within the statement-against-interest exception."); *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (affirming trial court's preclusion of defendant eliciting on cross-examination exculpatory statements given to law enforcement officer); *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988) ("It seems obvious defense counsel wished to place [defendant's denial to police officer] before the jury without subjecting [defendant] to cross-examination, precisely what the hearsay rule forbid."). This is true whether the defendant attempts to offer the statement in his case-in-chief or to elicit it from a prosecution witness on cross-examination. *Fernandez*, 839 F.2d at 640.

Allowing a defendant to offer his statements into evidence through other witnesses would "effectuate an end-run around the adversarial process by, in effect," giving him the chance to "testify[] without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury." *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005). In other words, placing a defendant's statement before the jury without subjecting the defendant to cross-examination is "precisely what the hearsay rule forbids." *Ortega*, 203 F.3d at 682 ("If the district court were to have ruled in his favor, [the defendant] would have been able to place his exculpatory statements 'before the jury without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids.'" (quoting *Fernandez*, 839 F.2d at 640)); *United States v. Mitchell*, 502 F.3d 931, 964 (9th Cir. 2007) (explaining that the defendant's prior exculpatory statements were inadmissible hearsay when the defendant attempted to elicit them from government witnesses on cross-examination); *United States v.*

1  *Quinones-Chavez*, 641 F. App'x 722, 725 (9th Cir. 2016) (unpublished) ("[Due process] does

2  not…mandate that a court allow a defendant to place his inadmissible statements before the jury without

3  subjecting [himself] to cross-examination." (internal quotations omitted)).

**II.    The rule of completeness allows a defendant to admit his own hearsay statements**

**only if statements admitted by the prosecution create a misleading impression.**

6  Federal Rule of Evidence 106, commonly referred to as the rule of completeness, provides a

7  limited exception to the rule that defendants may not put into evidence their own out-of-court statements

8  without taking the stand and subjecting themselves to cross-examination. Fed. R. Evid. 106. Rule 106

9  provides that when one party introduces "all or part of a statement, an adverse party may require the

10  introduction…of any other part—or any other statement—that in fairness ought to be considered at the

11  same time." *Id.* The rule of completeness was designed to avoid a "misleading impression created by

12  taking matters out of context." Advisory Committee Notes to 1972 Proposed Rule 106.

13  Under Rule 106, "the critical inquiry" is "the purpose for which the evidence is offered." *United*

14  *States v. Lopez*, 4 F.4th 706, 715 (9th Cir. 2021). Therefore, a defendant can offer a portion of his own

15  statement in order "'to correct a misleading impression in the edited statement' introduced by an

16  opposing party," such as when redacted portions of a defendant's confession "distort[] the meaning of

17  the statement," "exclude[] information substantially exculpatory of the declarant," or "exclude[] portions

18  of a statement that are . . . explanatory of [or] relevant to the admitted passages." *Id.* (quoting *United*

19  *States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014); *United States v. Dorrell*, 758 F.2d 427, 435 (9th

20  Cir. 1985)). In *Lopez*, for instance, the Ninth Circuit found that the rule of completeness required

21  portions of the defendant's statement to be admitted at trial when the government redacted the

22  defendant's statement mid-sentence, thus creating the misleading impression that the defendant was

23  saying he knew that a girl he met online with the nickname "Brit" was underage, when in reality he was

24  saying he believed the online persona "Brit" to be a scam. *See* 4 F.4th at 716. In a later portion, the

25  government further edited the defendant's statement to make it appear as if he was admitting that he

26  believed "Brit" was 13, when in full context he was saying that he believed "Brit" was really a

27  government agent. *Id.*

28  The rule of completeness, however, does not create an evidentiary free-for-all or "green light of

GOVERNMENT'S MOTION TO ADMIT
DEFENDANT'S STATEMENTS

admissibility" once any clip or portion of a statement is introduced into evidence. Advisory Committee Notes to 2023 Amendments to Rule 106. In other words, Rule 106 does not "require the introduction of any unedited writing or statement merely because an adverse party has introduced an edited version." *Vallejos*, 742 F.3d at 905. Instead, "it is often perfectly proper to admit segments of prior testimony without including everything, and adverse parties are not entitled to offer additional segments just because they are there and the proponent has not offered them." *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) (quoting Mueller & Kirkpatrick *Federal Evidence* § 44 (1994)). As a result, the question in "rule of completeness" cases is whether a completing statement is required "to correct a misleading impression" created by the statements that *have* properly been entered into evidence. *Id.* In the Advisory Notes, the Committee stated that the 2023 amendment to the Rule does not change this principle, noting "the mere fact that a statement is probative and contradicts a statement offered by the opponent is not enough to justify completion under Rule 106. So, for example, the mere fact that a defendant denies guilt before later admitting it does not, without more, mandate the admission of his previous denial." Advisory Committee Notes to 2023 Amendments to Rule 106.

For example, the Ninth Circuit held in *Vallejos* that the prosecution properly introduced selected excerpts from the defendant's interview, and that the defendant was not permitted, under the guise of the rule of completeness, to introduce additional excerpts painting him in a more sympathetic light. 742 F.3d 905. Because the prosecution excerpts were "not misleading," the "Rule of Completeness did not require admission of the full statement into evidence." *Id.* The Ninth Circuit reiterated the district court's judgment that "[j]ust because somebody is putting in part of a transcript…does not mean for the sake of completeness, everything comes in," and rejected the defendant's argument that additional portions of his interview "should be admitted to show the jury the 'flavor of the interview,' to 'humanize' [him], to prove his 'character,' and to convey to the jury the voluntariness of the statement." *Id.*[1]

---

[1] Indeed, in *Lopez*, the Ninth Circuit reaffirmed the *Vallejos* holding and noted that *Lopez* was "a far cry from . . .*Vallejos*, in which we found the excluded portions of the defendants' confession[] fell outside the ambit of Rule 106 because [it] did not serve to correct misapprehensions created by the partial introduction of a document or recording. . . . [I]n *Vallejos*, we approved the redaction of a confession to remove details meant to 'humanize' the defendant by bringing out his character and personal history, which were irrelevant to his factual admissions regarding the commission of the crime. *Lopez*, 4 F.4th at 717 (citing *Vallejos*, 742 F.3d at 905).

1    Indeed, the Ninth Circuit has consistently rejected similar attempts by defendants to introduce

2    self-serving excerpts of their hearsay statements under the guise of the rule of completeness. *See United*

3    *States v. Martinez-Camargo*, 765 F. App'x 205, 209 (9th Cir. 2019) ("Because the admitted portions of

4    her statement were not misleading, the district court did not abuse its discretion in determining that Rule

5    106 does not compel the admission of the omitted portions of the statement."); *United States v. Zinnel*,

6    725 F. App'x 453, 460 (9th Cir. 2018) ("Eidson contends that the full recording was necessary to show

7    that she was merely trying to avoid litigation, but the portions played at trial already showed this. The

8    excerpted recordings were therefore neither misleading nor taken out of context."); *United States v.*

9    *Meraz*, 663 F. App'x 580, 581 (9th Cir. 2016) ("The two excerpts the government introduced were not

10   misleading, and the district court correctly determined that Federal Rule of Evidence 106 did not

11   apply."); *United States v. Smith*, 659 F. App'x 908, 914 (9th Cir. 2016) ("[T]he district court did not

12   abuse its discretion by denying Saxton's request to require the Government to introduce portions of his

13   grand jury testimony in addition to those excerpts that the Government offered. Sexton never identified

14   how the excerpts the Government sought to introduce were 'misleadingly-tailored snippet[s]' taken out

15   of context; instead he claimed that the Government excerpts were misleading as a whole. Apparently

16   that was because the Government excluded several somewhat-exculpatory statements. But those

17   statements were inadmissible hearsay and Rule 106 did not require their admission."); *United States v.*

18   *Liera-Morales*, 759 F.3d 1105, 1111 (9th Cir. 2014) ("The district court carefully and thoroughly

19   considered the government's proffered statements from the post-arrest interview and correctly

20   determined that those statements were neither misleading nor taken out of context.").

21                                    **LEGAL ANALYSIS**

22        The United States respectfully submits that excerpts from the Defendant's voluntary, non-

23   custodial interview, which are appended to this motion as Exhibits 2A-2T, are relevant to the charged

24   crimes and are admissible as statements of a party-opponent. Fed. R. Evid. 802(d)(2)(A); *Warren*, 25

25   F.3d at 895.  Because those excerpts do not create any misleading impressions—they accurately convey

26   what the Defendant expressed about his actions and intent—the Defendant should not be permitted,

27   under the guise of the rule of completeness, to offer additional self-serving hearsay statements from that

28   interview in an attempt to testify without taking the stand and subjecting himself to cross-examination.

GOVERNMENT'S MOTION TO ADMIT                    6
DEFENDANT'S STATEMENTS

*See, e.g.*, *Ortega*, 203 F.3d at 682.

## <u>CONCLUSION</u>

For the foregoing reasons, the Government respectfully requests an *in limine* order: (1) admitting the attached excerpts of the Defendant's November 21 interview with federal agents (Exhibits 2A through 2T); and (2) precluding the Defendant from offering additional self-serving hearsay statements that do not implicate the rule of completeness.

Respectfully submitted,

PHILLIP A. TALBERT
Attorney for the United States

*/s/ Shea J. Kenny*
SHEA J. KENNY
Assistant United States Attorney

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

/s/ *Christopher J. Perras*
CHRISTOPHER J. PERRAS
Special Litigation Counsel

/s/ *Sarah Howard*
SARAH HOWARD
Trial Attorney

Attorneys for United States of America