LAW OFFICE OF MICHAEL HEUMANN
Michael Heumann, CA SBN 299622
901 H Street, Suite 405-5
Sacramento, CA 95814
Telephone: (916) 426-6692
mikeheumann.law@gmail.com
Attorney for Defendant
ZIMNAKO SALAH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ZIMNAKO SALAH,<br><br>　　　　Defendant. | Case No.: 2:24-cr-00043-DC<br><br>FRCP RULE 29 MOTION FOR ACQUITTAL, OR ALTERNATIVELY FRCP RULE 33 MOTION FOR NEW TRIAL |

　　　　PLEASE TAKE NOTICE that Defendant Zimnako Salah, through his undersigned counsel, moves this Court for a judgement of acquittal as to Counts 1 and 2, and a finding of no as to special finding number two, pursuant to Federal Rule of Criminal Procedure 29, or alternatively for a new trial pursuant to Federal Rule of Criminal Procedure 33.

　　　　The defense is not requesting oral argument and is willing to have the court issue its ruling on the parties' briefs.

1

## I. RULE 29 MOTION FOR ACQUITTAL.

This motion is timely. Rule 29(c)(1) requires that this motion be filed "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." In this case the verdict of guilty was returned and the jury was discharged on April 3, 2025, and this motion is filed within the 14 day window.

Mr. Salah's Rule 29 motion is made on the grounds that the prosecution failed to present sufficient evidence on each and every element of Counts 1, 2, 3, and 4, from which rational jurors could conclude beyond a reasonable doubt that Mr. Salah was guilty.

The legal standard for a Rule 29 motion is whether "[v]iewing the evidence in the light most favorable to the government … any rational jury could have found the defendant guilty of each element of the crime beyond a reasonable doubt." *United States v. Tran*, 568 F.3d 1156 (2009). The government has proven its case beyond a reasonable doubt if "the jurors reasonably could decide that they would not hesitate to act in their own serious affairs upon factual assumptions as probable as the conclusions that the defendant is guilty as charged." *United States v. Kaplan*, 554 F.2d 958 (1977).

## II. RULE 33 MOTION FOR A NEW TRIAL.

This motion is timely. Rule 33(b)(2) requires that a motion for a new trial not based on new evidence be filed within 14 days following the guilty verdict, which occurred on April 3, 2025.

The defense requests the court vacate the judgements as to counts 1 and 2, and special

2

finding number two, and order a new trial, either in the alternative if the Rule 29 motion is denied, or pursuant to Rule 29(d) if Mr. Salah's Rule 29 motion is granted.

Per Rule 33(a), the court may order a new trial in any circumstances in which "the interest of justice so requires." In particular, a new trial is appropriate in a circumstance in which, although the evidence may be sufficient to sustain the verdict, it nevertheless "preponderates heavily against the verdict". United States v. Showalter, 569 F.3d 1150 (2009). The defense submits that in this case the evidence preponderated heavily against the verdict.

### III. CONCLUSION

The defense requests the court to enter judgements of acquittal, or alternatively order a new trial as to counts 1 and 2, and special finding number two.

Respectfully submitted,

DATED: April 17, 2025

By   /s/ Michael Heumann
     MICHAEL HEUMANN
     Attorney for Defendant
     ZIMNAKO SALAH