1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,              No.  2:24-cr-00043-DC-1

12                   Plaintiff,

13          v.                                ORDER DENYING DEFENDANT'S
                                              MOTION FOR A JUDGMENT OF
14    ZIMNAKO SALAH,                          ACQUITTAL, OR ALTERNATIVELY A
                                              NEW TRIAL
15                   Defendant.
                                              (Doc. No. 99)
16

17          This matter is before the court on Defendant's motion for a judgment of acquittal pursuant

18   to Federal Rule of Criminal Procedure 29, or in the alternative, motion for a new trial pursuant to

19   Federal Rule of Criminal Procedure 33. (Doc. No. 99.) On May 1, 2025, the Government filed an

20   opposition to Defendant's motion. (Doc. No. 100.) Defendant did not file a reply thereto. Neither

21   party requested oral argument on the pending motion. For the reasons explained below, the court

22   will deny Defendant's motion.

23   **A.      Motion for Judgment of Acquittal**

24          Pursuant to Federal Rule of Criminal Procedure 29, "the court on the defendant's motion

25   must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain

26   a conviction." Fed. R. Crim. P. 29(a). "A defendant may move for a judgment of acquittal, or

27   renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury,

28   whichever is later." Fed. R. Crim. P. 29(c)(1). "If the jury has returned a guilty verdict, the court

1

1    may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2). "A motion for

2    Judgment of Acquittal is reviewed on a sufficiency-of-the-evidence standard," which means that

3    "evidence supports a conviction, if, viewed in the light most favorable to the government, it

4    would allow any rational trier of fact to find the essential elements of the crime beyond a

5    reasonable doubt." *United States v. Stoddard*, 150 F.3d 1140, 1144 (9th Cir. 1998). "In ruling on

6    a Rule 29(c) motion, a district court must bear in mind that 'it is the exclusive function of the jury

7    to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable

8    inferences from proven facts.'" *United States v. Rojas*, 554 F.2d 938, 943 (9th Cir. 1977),

9    *supplemented*, 574 F.2d 476 (9th Cir. 1978), (quoting *United States v. Nelson*, 419 F.2d 1237,

10   1241 (9th Cir. 1969)).

11        Here, Defendant asserts that his "Rule 29 motion is made on the grounds that the

12   prosecution failed to present sufficient evidence on each and every element of Counts 1, 2, 3, and

13   4, from which rational jurors could conclude beyond a reasonable doubt that [he] was guilty."

14   (Doc. No. 99.) Defendant does not offer any argument to support his motion. Defendant also does

15   not discuss any of the evidence presented at trial, let alone demonstrate why that evidence was

16   insufficient to sustain his conviction. Despite suggesting in his motion that there were four counts

17   in this case, Defendant was only charged and convicted of two counts: (Count One) committing a

18   hoax bomb threat at Bayside Church in Roseville, California, in violation of 18 U.S.C.

19   § 1038(a)(l)(A), by affixing a backpack to a church toilet under circumstances leading church

20   congregants to believe that backpack contained a bomb; and (Count Two) obstructing, or

21   attempting to obstruct, the free exercise of religion, in violation of 18 U.S.C. § 247(a)(2). (Doc.

22   Nos. 37; 96.) The jury was also tasked with determining two special findings: first, whether

23   Defendant's conduct involved the threatened use of a dangerous weapon or explosive—to which

24   the jury answered "no"—and second, whether Defendant intentionally selected the attendees of

25   congregants of the Bayside Church in Roseville, California because of their actual or perceived

26   religion—to which the jury answered "yes." (*See* Doc. No. 96.) Therefore, the court construes

27   Defendant's motion for judgment of acquittal as challenging the sufficiency of the evidence on

28   both convicted counts and the jury's second special finding.

2

1    As thoroughly recounted in the Government's opposition to the pending motion (Doc. No.

2    100), the evidence presented at trial was more than sufficient to sustain Defendant's convictions

3    and the jury's second special finding because that evidence would allow any rational trier of fact

4    to find the essential elements of those crimes beyond a reasonable doubt.

5    As to Count One, the jury was instructed that the Government must prove the following

6    three elements beyond a reasonable doubt: (1) the Defendant intentionally conveyed false or

7    misleading information, specifically, that the backpack contained a bomb; (2) the information was

8    conveyed under circumstances where a reasonable person could believe the backpack contained a

9    bomb; and (3) the information, if true, would have indicated that an activity had taken, was

10   taking, or would take place that would maliciously damage or destroy, by means of an explosive,

11   any building used in interstate commerce or in any activity affecting interstate commerce. (Doc.

12   No. 101 at 24.) A rational trier of fact would be able to find the first element proven beyond a

13   reasonable doubt based on the evidence presented at trial, including: (i) Defendant's own

14   testimony that he strapped the backpack to the toilet, which contradicted his prior false

15   exculpatory statements to the FBI denying that the backpack belonged to him; (ii) surveillance

16   and traffic camera footage showing Defendant scoping out the church the day prior and

17   conducting a walk-through of the church on the day of the incident; (iii) witness testimony

18   corroborated by surveillance videos and photos showing Defendant wearing a backpack at three

19   other churches in the weeks leading up to the incident, from which the jury could infer Defendant

20   planted or attempted to plant a backpack in those churches as well; and (iv) evidence that

21   Defendant searched for and watched videos on YouTube regarding Islamic extremist terrorist

22   attacks and the Boston Marathon Bombing in particular, which involved homemade bombs in

23   backpacks. A rational trier of fact would also be able to find the second element proven beyond a

24   reasonable doubt based on the testimony of three witnesses regarding their reaction to seeing the

25   backpack strapped to the toilet, their belief the backpack contained a bomb, and their reaction of

26   calling 911 and evacuating nearby classrooms and areas of the church. Lastly, a rational trier of

27   fact would be able to find the third element proven beyond a reasonable doubt because there was

28   evidence presented at trial that the church building was used in interstate commerce—namely, the

1  church received donations from out-of-state donors, contributed money to multiple interstate and

2  international causes, and operated a café that sold products from other states. Further, a rational

3  factfinder would be able to apply common sense and conclude that if the backpack had contained

4  a bomb, then the explosion of that bomb would have caused property damage to the church

5  building.

6  As to Count Two, the jury was instructed that the Government must prove the following

7  three elements beyond a reasonable doubt: (1) the defendant, through a threat of force, obstructed

8  or attempted to obstruct the congregants of the church referenced in Count Two in the enjoyment

9  of their free exercise of religious beliefs; (2) the defendant acted intentionally; and (3) the offense

10  was in or affected interstate commerce. (Doc. No. 101 at 24.) Based on the same evidence

11  discussed above, a rational factfinder would find these elements proven beyond a reasonable

12  doubt because that evidence shows Defendant acted intentionally and his offense affected

13  interstate commerce. Further as to the first element, the evidence that is sufficient to show that

14  Defendant intended to communicate a bomb threat is likewise sufficient to show that Defendant

15  made a threat of force by strapping the backpack to the toilet. In addition, the jury heard evidence

16  at trial that Defendant planted or attempted to plant the backpack at the churches, specifically on

17  Sundays between the two scheduled morning services, which the jury could reasonably infer

18  demonstrates Defendant's intent, preparation, and plan to target the church when it had the

19  highest capacity of attendees and disrupt their free exercise of religious beliefs. Moreover, the

20  jury heard from witnesses who testified they had to interrupt their worship at services in order to

21  respond to the bomb threat, and they evacuated the special needs classroom and other areas of the

22  church used for youth fellowship, which the jury could reasonably find constituted obstruction of

23  their exercise of religious beliefs.

24  As for the second special finding, the jury was instructed that the Government must prove

25  the following two elements beyond a reasonable doubt: (1) Defendant acted with animus, which

26  is another way of saying that he acted with bias or hostility toward the targeted religion; and (2)

27  Defendant would not have strapped a backpack to the toilet of the Bayside Church but for the

28  actual or perceived religion of the attendees or congregants worshipping there. (Doc. No. 101 at

4

32.) As with Counts One and Two, there was sufficient evidence for the jury to find—as they

did—that Defendant intentionally selected the attendees of congregants of the Bayside Church

because of their actual or perceived religion. In particular, the evidence at trial showed that

Defendant planted or attempted to plant backpacks at four Christian churches in three different

states over a three-month period, specifically on Sundays when worship services are held; he did

not target non-religious properties nor houses of worship of any other faith besides Christianity.

Moreover, the jury heard audio from an FBI interview in which Defendant described certain

tenets of Christianity as "blasphemy."

        In sum, the evidence presented at trial would allow any rational trier of fact to find the

essential elements of both charged crimes and the second special finding beyond a reasonable

doubt. For this reason, Defendant's Rule 29 motion for a judgment of acquittal will be denied.

**B.      Motion for a New Trial**

        Pursuant to Federal Rule of Criminal Procedure 33, "[u]pon the defendant's motion, the

court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R.

Crim. P. 33(a). "A district court's power to grant a motion for new trial is much broader than its

power to grant a motion for judgment of acquittal." *United States v. Kellington*, 217 F.3d 1084,

1095 (9th Cir. 2000) (citation omitted). When considering a motion for a new trial, "[t]he district

court need not view the evidence in the light most favorable to the verdict; it may weigh the

evidence and in so doing evaluate for itself the credibility of the witnesses." *Id*. Notably, even

where the verdict is supported by sufficient evidence, district courts may nonetheless grant a

motion for new trial if "the evidence preponderates sufficiently heavily against the verdict that a

serious miscarriage of justice may have occurred." *Id.* at 1087 (quoting *United States v. A. Lanoy

Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211 (9th Cir. 1992)). Though such authority is to be

exercised only where extraordinary circumstances are presented. *United States v. Pimentel*, 654

F.2d 538, 545 (9th Cir. 1981) (explaining that a motion for a new trial "should be granted 'only in

exceptional cases in which the evidence preponderates heavily against the verdict'") (citation

omitted).

        In his pending alternative motion under Rule 33, Defendant merely restates the applicable

1   legal standard by asserting in conclusory fashion that "in this case the evidence preponderated
2   heavily against the verdict." (Doc. No. 99 at 3.) Defendant does not offer any argument to support
3   his assertion. Critically, the court found many of the Government's witnesses to be highly
4   credible, and the vast majority of the evidence offered by the Government weighs heavily toward
5   finding Defendant guilty beyond a reasonable doubt on the charged counts and the second special
6   finding. In contrast, despite testifying at length during trial, the court did not find Defendant's
7   testimony persuasive. For example, Defendant gave conflicting explanations when asked about
8   his conduct giving rise to the charged offenses. Indeed, Defendant admitted during his trial
9   testimony that he made false statements to the FBI. In light of the court's independent assessment
10  of the evidence presented at trial, the court is not concerned that a serious miscarriage of justice
11  may have occurred in Defendant's trial. Defendant's alternative motion for a new trial under Rule
12  33 will be therefore denied.
13          For the reasons explained above, Defendant's motion for a judgment of acquittal, or in the
14  alternative, motion for a new trial (Doc. No. 99) is hereby DENIED.
15
16
17          IT IS SO ORDERED.
18  Dated:   **May 21, 2025**                          _____
19                                                      Dena Coggins
                                                        United States District Judge
20
21
22
23
24
25
26
27
28